GREGORY G. ISKANDER, Bar No. 200215
ALEXA L. WOERNER, Bar No. 267609
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
Facsimile:   925.946.9809
E-mail:   giskander@littler.com
                awoerner@littler.com

Attorneys for Defendant
OFFICE DEPOT, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WOODCOCK, an individual<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC, and DOES 1 to 50,<br><br>Defendants. | Case No.  2:12-CV-01958-JAM-CMK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND  PROTECTIVE ORDER** |

WHEREAS, the parties herein agree that the proceedings in the above-entitled action may involve the production of financial, proprietary and/or other information that either party or a third party considers to be sensitive, confidential and/or proprietary;

THEREFORE, IT IS HEREBY STIPULATED by and among the undersigned parties, through their counsel of record that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. This Stipulated Confidentiality Agreement and Protective Order ("Order") issued thereon shall govern all documents and discovery materials produced within the context of this litigation.

2. As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, paralegals, clerks, assistants and

other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

3. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or reasonably believes such information constitutes confidential or proprietary information and/or trade secrets relating to the client's business and/or information in which the party or third parties have a privacy interest. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "CONFIDENTIAL" information or documents may be referred to collectively as "CONFIDENTIAL INFORMATION."

4. As used herein, the term CONFIDENTIAL INFORMATION shall refer to:

(a) Any documents (including any portions thereof and any information contained therein) designated to be confidential by any party and which has had stamped or affixed thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party.

(b) All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, shall initially be treated as CONFIDENTIAL INFORMATION and be included within the terms of this Order without the necessity of designating the testimony as CONFIDENTIAL INFORMATION. Upon transcription of the deposition, counsel shall have 20 days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing of the portions of the transcript designated as confidential. Depositing the written notice in the United States mail within such twenty 20 days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no designation is made, shall not be confidential and shall not be within the terms of this Order. Alternatively, the parties may agree during any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2:12-CV-01958-JAM-CMK                 1.            CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

deposition that a part or all of the testimony shall be designated as CONFIDENTIAL INFORMATION. The parties may agree that the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter. Alternatively, the parties may agree that part of the testimony is CONFIDENTIAL without having that designated part transcribed in a separate volume.

(c)   CONFIDENTIAL INFORMATION does not include any information or documents lawfully obtained or produced by a party outside of the context of discovery in this litigation. However, nothing in this Order shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

5. In the event a party challenges another party's confidential designation, the party who objects to the designation of material as CONFIDENTIAL INFORMATION shall notify the designating party in writing of that objection, specifying the designated material to which the objection is made. Within 10 days of service of the written objection, counsel shall meet and confer in good faith to attempt to resolve the dispute. In the absence of a resolution, the challenging party may thereafter seek resolution by the Court in a timely manner. If no such motion is filed within 45 days after the parties "meet and confer" as provided above, the material will be deemed conclusively subject to the protection of this Order for purposes of discovery. The designating party shall have the burden of establishing the confidential nature of the designated material and that it is entitled to protection under applicable law. All documents designated confidential information pursuant to this Order shall remain confidential unless and until any such motion by the objecting party is granted and the Court declares that the designated material is not subject to the protection of this Order.

6. Unless ordered by the Court, or otherwise provided for herein, the CONFIDENTIAL INFORMATION disclosed pursuant to this Order will be held and used by the person receiving such information solely for use in connection with the above-

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2:12-CV-01958-JAM-CMK       2.       CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1  captioned action. Persons receiving such confidential information shall not reveal to or
2  discuss such information with any person who is not entitled to receive such information.

3        7. Information or documents designated as "CONFIDENTIAL" shall not
4  be disclosed to any person, except:

5        (a) The requesting party and counsel, including the respective
6  personnel of the law firms involved in this action and in-house counsel;

7        (b) Any agent, officer, director, or employee of a party to the extent
8  deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of
9  this action;

10        (c) Consultants or experts (together with their staff) retained by
11  counsel of record on behalf of the parties;

12        (d) Any person from whom testimony is taken or is to be taken in
13  this action, except that such a person may only be shown that CONFIDENTIAL
14  INFORMATION during and in preparation for his/her testimony and may not retain the
15  CONFIDENTIAL INFORMATION.

16        (e) Any other person(s) as to whom the parties agree in writing
17  pursuant to paragraph 10;

18        (f) Court reporter(s) and their staff employed in this action;

19        (g) The Court (including any clerk, stenographer, or other person
20  having access to any CONFIDENTIAL INFORMATION by virtue of his or her position
21  with the Court) or the jury at trial or as exhibits to motions;

22        8. Prior to disclosing or displaying the Confidential Information to any
23  person, counsel shall:

24        (a) Inform the person of the confidential nature of the information or
25  documents; and

26        (b) Inform the person that this Court has enjoined the use of the
27  information or documents by him/her for any purpose other than this litigation and has
28  enjoined the disclosure of that information or documents to any other person.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2:12-CV-01958-JAM-CMK    3.    CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

9. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c)-(e) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. For witnesses, consultants, or experts who are under the control of either party, that party must assure that the person signs the Confidentiality Agreement that is attached hereto as Exhibit A. If an individual is not under the control of either party, both parties shall attempt to have them execute the Confidentiality Agreement that is attached hereto as Exhibit A. In the event such person refuses to sign this Confidentiality Agreement, the party desiring to disclose the CONFIDENTIAL INFORMATION may seek appropriate relief from the Court. In no event shall the provisions of this Order prevent a party from deposing a witness and utilizing all relevant documents simply because the witness has refused to sign the Confidentiality Agreement.

10. If counsel for any party should conclude that, for the purpose of this action, such party needs to disclose any CONFIDENTIAL INFORMATION, or information derived therefrom, to any person not described in paragraph 7 of this Order, counsel for such party must request permission from counsel for the designating party in writing and state the purpose of the disclosure. If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise. However, each party may disclose its own CONFIDENTIAL INFORMATION without regard to this Order unless otherwise under an existing duty to another person not to do so.

11. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as CONFIDENTIAL INFORMATION provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

2:12-CV-01958-JAM-CMK    4.    CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12. Nothing in this Order constitutes an admission by any party that CONFIDENTIAL INFORMATION disclosed in this case is relevant or admissible, nor does it constitute an admission by any party that any information that it or any opponent designates as CONFIDENTIAL INFORMATION is in fact proprietary information and/or a trade secret, and/or information in which a party or third parties have a privacy right. Notwithstanding the foregoing, all parties to this Stipulation reserve all trade secret, proprietary information, and/or privacy objections with respect to materials they believe may be encompassed in a discovery request.

13. Notwithstanding the provisions of paragraph 12, above, where a party believes that a third party or parties have a privacy interest in CONFIDENTIAL INFORMATION, that party may, in place of or in addition to producing such CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulation and Order, meet and confer with other counsel to attempt to limit the information produced or the use of the information so as to balance the privacy interests of the third parties with the interest of the party seeking the material. In the event the parties are unable to agree on terms for the production and use of the CONFIDENTIAL INFORMATION, the matter may be submitted to the Court, either by way of motion for protective order or to compel responses to discovery, so that the Court can make an appropriate order balancing the privacy rights of the third parties with the needs of the parties for the information in prosecuting or defending the lawsuit.

14. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal in accordance with Eastern District of California's applicable Rules in effect at the time, and any applicable Standing Orders. To the extent the Court requires any further act by the parties as a precondition to the filing of documents under seal, it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of filings with the Court shall be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2:12-CV-01958-JAM-CMK   5.   CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1  filed under seal.

2  15.  At the conclusion of litigation, the Confidential Information and any
3  copies thereof shall be promptly (and in no event later than thirty (30) days after entry of
4  final judgment no longer subject to further appeal) returned to the producing party or
5  certified as destroyed, except that the parties' counsel shall be permitted to retain their
6  working files on the condition that those files will remain confidential.

7  16.  The foregoing is entirely without prejudice to the right of any party to
8  apply to the Court for any further Protective Order relating to confidential information; or to
9  object to the production of documents or information; or to apply to the Court for an order
10 compelling production of documents or information; or for modification of this Order. This
11 Order may be enforced by either party and any violation may result in the imposition of
12 sanctions by the Court.  This Court shall have continuing jurisdiction to modify, amend, or
13 rescind this Order notwithstanding the termination of this action.

15 Date: January__, 2013                    _____
16                                           Attorney for Plaintiff Daniel Woodcock

18 Date: January __, 2013                   _____
19                                           Gregory Iskander
                                            Attorney for Defendant Office Depot, Inc.

                                    ORDER

   PURSUAL TO STIPULATION, IT IS SO ORDERED:

   Date: 2/4/2013                           /s/ John A. Mendez____
                                            Hon. John A. Mendez

2:12-CV-01958-JAM-CMK            6.        CONFIDENTIALITY AGREEMENT
                                           AND PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2:12-CV-01958-JAM-CMK 7. CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT A

## Woodcock v. Office Depot, Inc.

CERTIFICATION RE STIPULATION AND PROTECTIVE ORDER

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled above have been designated as CONFIDENTIAL.

By signing this document, I agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Furthermore, I understand this Court will retain continuing jurisdiction to enforce this agreement, and I waive all objections I may have concerning the Court's jurisdiction, including personal jurisdiction or competence to determine whether the Order has been violated and whether sanctions should be imposed.

Dated: _____     Signed: _____

Print Name: _____

Address: _____

Firmwide:117810527.1 063095.1049

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2:12-CV-01958-JAM-CMK    8.    CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER